# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL MARTIN HONORE,<br><br>　　　　　　Plaintiff,<br>v.<br>WARDEN, as an individual and his/her official capacity; DELGADO, Program Sergeant, as an individual and his/her official capacity; BENTLEY, Yard Sergeant, as an individual and his/her official capacity; and JACOBS, Correctional Officer, as an individual and his/her official capacity,<br><br>　　　　　　Defendants. | Civil No. 07cv317 WQH (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 16] |

　　　　Plaintiff Darrell Martin Honore, proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983, in which he alleges that various defendants violated his constitutional rights. On August 23, 2007, Plaintiff filed a motion for appointment of counsel. In the motion Plaintiff states that he has tried to contact several attorneys regarding his case but has never received a response. He also states that he does not have the funds to employ an attorney to represent him.

　　　　The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is at the district court's discretion, and requires the court to make a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). Such a finding "requires an evaluation of both the 'likelihood of

1  success on the merits [and] the ability of the petitioner to articulate [his/her] claims *pro se* in light of the
2  complexity of the legal issues involved.'" *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997);
3  *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).
4  Neither of these issues is dispositive, and both should be viewed together before reaching a decision. *Id*.
5       Based on the current record the Court has no reason to believe that Plaintiff is incapable of
6  having a sufficient grasp of his case or the legal issues involved, or that Plaintiff might not be able to
7  adequately articulate and communicate the basis of his claims.  Plaintiff has failed to plead facts
8  sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28
9  U.S.C. § 1915(e)(1).
10      Accordingly, the Court **ORDERS** that Plaintiff's motion for appointment of counsel is **DENIED**
11 without prejudice.
12      **IT IS SO ORDERED**.
13 DATED:  August 28, 2007

                                              Hon. Nita L. Stormes
                                              U.S. Magistrate Judge