UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL MARTIN HONORE, | Civil No. 07cv317 WQH (NLS) |
| Plaintiff, | **ORDER REQUIRING** |
| v. | **SUPPLEMENTAL BRIEFING** |
| WARDEN, as an individual and his/her official capacity; DELGADO, Program Sergeant, as an individual and his/her official capacity; BENTLEY, Yard Sergeant, as an individual and his/her official capacity; and JACOBS, Correctional Officer, as an individual and his/her official capacity, | |
| Defendants. | |

Darrell Martin Honore, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 against officials at Calipatria State Prison. Defendants Scribner, Bentley, Delgado and Jacobs filed a motion to dismiss Plaintiff's complaint on these grounds: (1) the Eleventh Amendment bars suits against individuals in their official capacities; (2) the respondeat superior claim against Warden Scribner should be dismissed for failure to state a claim; and (3) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. The motion came on for hearing on September 21, 2007. Plaintiff never filed an opposition to the motion.

Regarding exhaustion, Defendants seek to dismiss the complaint through a nonenumerated Rule 12(b) motion, which the Ninth Circuit has deemed the appropriate means for resolving any questions relating to exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (internal citation

omitted).  In deciding such a motion, the Court may "look beyond the pleadings and decide disputed issues of fact." *Id*. at 1119-20.  While the Court may dismiss any unexhausted claim without prejudice, it apparently may not do so without providing Plaintiff "fair notice of his opportunity to develop a record." *Id.* at 1120, n.14.

Defendants submitted documentary evidence, including declarations by D. Edwards, Appeals Coordinator at Calipatria State Prison, and N. Grannis, Chief of the California Department of Corrections Inmate Appeals Branch in Sacramento, California, which they contend demonstrate that Plaintiff was untimely in filing a 602 form in the appeal time frame.  Plaintiff has not submitted any evidence to rebut Defendants' declarations.  In light of *Wyatt*, this Court finds it appropriate to afford Plaintiff another opportunity to develop the record on whether he exhausted his claims and thus finds additional briefing necessary.

Accordingly, the Court hereby **ORDERS**:

1. On or before ***October 26, 2007***, Plaintiff shall file and serve any opposition to Defendants' motion.  In his opposition, Plaintiff should submit any evidence that would contradict Defendants' contention that he failed to file to timely file the appropriate inmate appeal form to properly exhaust the claim he raises in his complaint.

2. On or before ***November 6, 2007***, Defendants' shall file and serve any reply to Plaintiff's opposition.

3. If Plaintiff fails to respond, the Court will consider Defendants' motion unopposed and may grant the motion on that basis. See Civil Local R 7.1(f)(3)(c).

**IT IS SO ORDERED.**

DATED: September 25, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge